## No. 10,863.

### Skidmore *v.* Broughton.

Decided February 4, 1924.

Action on promissory note. Judgment for plaintiff.

*Reversed.*

1. Pleading—*Defenses—Demurrer*. A demurrer for want of facts, to a pleading which sets up two defenses is properly overruled if either defense is good.

2.     *False Representations—Defense—Belief.*  A defense, to a
pleading setting up false representations, which pleads a belief
in the truth of representations different from those alleged to
have been false, is without effect.

3.   FRAUD—*Misrepresentations—Waiver.*   Acts done in affirmance
·of a contract can amount to a waiver of fraud only where they
are done with intention clearly manifested to abide by the
contract and waive all right to recover for the deception.

*Error to the District Court of Montrose County, Hon.
Thomas J. Black, Judge.*

Messrs. SELIG & KINIKIN, for plaintiff in error.

Messrs. CATLIN & CATLIN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

BROUGHTON, plaintiff below, had judgment against Skidmore on a promissory note, and the latter brings error.

The defendant pleaded one defense, a counterclaim for damages for fraudulent representations by plaintiff as to the character and capacity of a certain tractor and plow for which the note was part payment.  The representations set up in the counterclaim were that the tractor was "a good and substantial motor tractor, well equipped with a good and workable 3-base plow that was capable of plowing an acre an hour of any kind of farming land; whereas, in truth and in fact, the same was not a good and substantial motor tractor, and was not well equipped with a good and workable 3-base plow, and was not capable of plowing an acre an hour of any kind of farming land.

The plaintiff, after certain denials, for a further answer to defendant's counterclaim, alleged: "That he did represent to the defendant  *  *  *  that the same was a substantial motor tractor, well equipped with a good and workable 3-base plow  *  *  *  and that he did believe and still does believe that the said tractor was  *  *  *  a good and substantial motor tractor, and that it was well equipped with a good and workable 3-base plow and that said tractor

and plow did at the time of delivery to defendant do good work when properly operated." The replication goes on to state that defendant with full knowledge of the representations and of the tractor and plow and what it would and would not do, twice requested and obtained an extension of time for payment of the note, and plaintiff thereupon deferred suit, and that so defendant is estopped from claiming damages. The defendant's demurrer to this replication or answer to his counterclaim was overruled; he elected to stand, and judgment went against him.

The replication, as appears above, attempts to state two defenses to the counterclaim, but not separately. The demurrer was for want of facts only and was to the whole statement. If therefore, either of the attempted defenses was good, the demurrer was rightly overruled. As to the first of these two defenses, that the plaintiff believed the truth of the representations, the defense was insufficient. Regardless of the question whether belief in truth of false representations is an excuse amounting to a defense, this defense pleads belief in the truth of representations that are different from those alleged in the counterclaim and so amount to nothing.

As to the second part we think the demurrer should have been sustained. To constitute an estoppel the acts of the defendant must have amounted to a waiver of the deception. The strongest case for plaintiff is *Ponder v. Altura Co.*, 57 Colo. 519, 143 Pac. 570. That case, however, affirms the rule laid down by Judge Cooley: "That acts done in affirmance of the contract can amount to a waiver of the fraud only where they are done * * * with intention clearly manifested to abide by the contract and waiving all right to recover for the deception," and asserts that it is clear that the acts of the plaintiff in that case were within the rule; but in the present case the matter is not clear. The replication does not expressly state the intent, and, taken with the answer, which for the purposes of this question must be taken as true, shows rather an intent in defendant not to waive. We do not question

the *Ponder v. Altura* decision, and if it can be "clearly manifested" that defendant acted with an intention to "waive all right to recover for the deception" we think he must lose his case, but since that does not appear we must reverse the judgment.  The pleadings should be so amended as to produce an issue as to the intent of the defendant to waive the deceit (if it is desired to try that question) with such other issues as may be proper.

Judgment reversed with directions to proceed not inconsistently with this opinion.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.